IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILL P. MARQUARDT,

                Petitioner,                            ORDER

     v.                                                  08-cv-0386-bbc

GREG VAN RYBROEK, Director,
Mendota Mental Health Institution,

                Respondent.

---

       Before the court is petitioner Bill Marquardt's motion to reconsider this court's July 11, 2008 dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #6. Petitioner also has requested that the court waive the requirement that he send an extra copy of his motion because he has exceeded the allotted number of copies that he can make at the institution. Dkt. #7. Because this court did not err in dismissing the petition as successive, petitioner's motion for reconsideration is denied. However, I will waive the requirement for petitioner to file an extra copy of his motion with the court.

       On November 20, 2006, petitioner filed a petition for a writ of habeas corpus in this court, challenging his 2003 commitment the Department of Health and Family Services. Marquardt v. State of Wisconsin, 06-cv-0684-jcs, dkt. #8. In that petition, he raised five claims: 1) the search of his cabin was illegal; 2) he had ineffective assistance from his trial

counsel; 3) the circuit court violated his right to defend himself; 4) his appellate counsel was ineffective; and 5) he had newly discovered evidence of his innocence. Id. Judge Shabaz dismissed the petition without prejudice because petitioner had failed to exhaust his fourth and fifth claims. Id. Petitioner then chose to refile his petition, proceeding only on his first three claims, which he had exhausted. Id., dkt. #10; see also Rose v. Lundy, 455 U.S. 509, 520 (1982) (petitioner may amend petition to delete unexhausted claims). Judge Shabaz dismissed those claims on their merits on February 15, 2007. Id., dkt. #14.

On March 14, 2008, petitioner filed a petition for a writ of habeas corpus in the Wisconsin Supreme Court, which denied it on June 10, 2008. Dkt. #6 at 3. Petitioner appealed that decision to the United States Supreme Court, which has not yet issued a decision. He then filed a petition for a writ of habeas corpus in this court on July 7, 2008, alleging that the magistrate judge who issued the search warrant for his residence was misled by material misstatements and omissions, the inevitable discovery doctrine does not apply in his case and his appellate counsel was ineffective for failing to raise this Fourth Amendment claim on appeal in the Wisconsin Supreme Court. Dkt. #1.

Petitioner argues that the instant petition is not successive because it raises different claims from those raised in his 2006 petition. Specifically, he asserts that the claim related to the illegal search involved only the good faith exception and not whether the magistrate judge was misled when he issued the search warrant. Petitioner also contends that his

2

ineffectiveness of appellate counsel claim was not dismissed on its merits in the February 15, 2007 order.

Under 28 U.S.C. § 2244(b)(2), petitioner cannot bring a claim in a second habeas petition that he did not present in a prior application unless he can show: 1) that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Whether petitioner can meet this standard is not a decision for this court. Petitioner must present his arguments to the Court of Appeals for the Seventh Circuit.

As discussed in the July 11, 2008 order, a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). This requirement is mandatory and prevents the district court from reviewing the petition, even if the claims raised in the second petition were not presented in the first petition. Because petitioner has not obtained an order from the court of appeals authorizing him to file his petition, this court has no authority to entertain his petition.

3

ORDER

IT IS ORDERED that petitioner's motion for reconsideration is DISMISSED.

Petitioner's request that he not be required to file an extra copy of his motion is GRANTED.

Entered this 28th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4