IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILL P. MARQUARDT,

                Petitioner,                  ORDER

    v.                                                  08-cv-386-bbc

GREG VAN RYBROEK, Director,
Mendota Mental Health Institution,

                Respondent.

---

Petitioner Bill Marquardt has filed a notice of appeal from this court's order and judgment of July 11, 2008 dismissing his application for a writ of habeas corpus as successive. Dkt. #11. He requests leave to proceed *in forma pauperis* on appeal and has moved for appointment of counsel. Dkt. ##8, 12. Additionally, petitioner requests that the court waive the requirement that he send an extra copy of his filings because he has exceeded the allotted number of copies that he can make at the institution. Dkt. ##10-11, 13. Although petitioner has not filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253, I will assume that he seeks such a certificate.

I will waive the requirement for petitioner to file an extra copy of his motions with the court. Petitioner's other requests are denied for the reasons stated below.

Dockets.Justia.com

Under 28 U.S.C. § 2253(c)(1), a judge must issue a certificate of appealability before a petitioner may appeal a final judgment in most habeas proceedings under 28 U.S.C. § 2254. A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner has not made this showing. As explained in the orders dismissing the petition and denying petitioner's motion for reconsideration, dkt. ##4 and 8, petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not obtained an order from the court of appeals authorizing him to file his petition, this court has no authority to entertain his petition. Accordingly, reasonable jurists would not debate that petitioner should be allowed to proceed in this court.

The next question is whether petitioner is entitled to proceed *in forma pauperis* on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner

2

is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. The requirement for authorization from the court of appeals is mandated by federal statute.

Finally, because this court no longer has jurisdiction over the petition, petitioner must make his request for appointment of counsel directly to the court of appeals.

ORDER

IT IS ORDERED that petitioner's motion for reconsideration is DISMISSED. Petitioner's requests that he not be required to file an extra copy of his motions are GRANTED.

Entered this 12th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3